## CURTESY.                                                      · 332

[Clermont Circuit Court, April Term, 1885.]

Cox, Smith and Swing, JJ.

### HULICK v. HIGDON.

EXECUTION SALE OF AN ESTATE BY CURTESY.

> A levy of execution against an estate by curtesy while heirs of the wife are living was valid, under section 3108, Revised Statutes, although the levy cannot be enforced during the life of an heir, but under the act of April 14, 1884, giving the life tenant a right to sell, the levy may be enforced. This act does not effect vested rights.

APPEAL from Common Pleas Court of Clermont county.

Cox, J.

The wife of Higdon was the owner, in fee simple, as her separate estate, of a tract of land in Clermont county, Ohio. She died about four years ago, leaving her husband and several children surviving her, all of whom are still living. After her death the assignee of Bussing & Co., recovered a judgment in the court of common pleas of Clermont county against Higdon and levied an execution on his life estate in said land. At the time of the rendition of said judgment and of the levy, section 3108, of the Revised Statutes, vol. 1, page 624, providing as to separate real property of the wife and the interest of her husband therein after her death, contained these words: "This section shall not effect the estate by the curtesy of a husband in the real property of the wife after her decease; but during the life of such wife, or any heir of her body, such estate shall not be taken by any process of law for the payment of his debts, or be conveyed or incumbered by him, unless she join therein with him in the manner prescribed by law in regard to her own estate."

On April 14, 1884, *81 O. L., 209–10, section 3108 was repealed, and reenacted, leaving out entirely the language above quoted, but providing in section 3112, that the provisions of section 3108 shall not affect any rights which vested prior to May 1, 1861.

On this state of facts, the court held—that up to the time of the repeal of section 3108, Revised Statutes, April 14, 1884, the assignee of Bussing & Co., while he had a right to *levy* his execution on the said life estate of Higdon, could not enforce the same during the life of any heir of the body of Mrs. Higdon; but that on the repeal of that section and its reenactment without any such provision above referred to therein, the right to enforce said levy became absolute. And further, that the saving as to vested rights does not operate to prevent such enforcement. The effect of such legislation is to give a tenant by the curtesy a higher or greater interest in the land so held by him, for now he may sell or incumber it by mortgage, which he could not before, and the repeal of an act which exempted said estate from execution, or prevented the sale or incumbrance thereof, does not affect any vested rights of the tenant, or of the heirs of the wife.

Ashburn & Hulick, for plaintiff.

Higdon, and Mallon & Coffey, for assignee of Bussing & Co.

---

*NOTE—The law of April 14, 1884, in regard to curtesy, referred to in this decision, was repealed by an Act of April 16, 1885.